FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 24  AM 11: 19

LORETTA G. WHYTE
      CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY JOHNSON, #1005720** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-891-SRD-SS** |
| **HAMMOND POLICE DEPARTMENT, ET AL.** | |

## REPORT AND RECOMMENDATION

Plaintiff, Leroy Johnson, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Hammond Police Department, the Louisiana 21st Judicial District Court, and District Attorney Patricia Parker. In this lawsuit, plaintiff claims he is being held in custody with no charges pending against him.

Because the plaintiff failed to identify the nature of his claim in the complaint, a Spears hearing was held on June 1, 2005 to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] At that hearing, plaintiff was sworn and his testimony was recorded.

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

Plaintiff testified that he was convicted of second degree murder. However, he alleges that his conviction was overturned and the charges against him were dismissed. He claims that jail officials refuse to release him despite that fact. He also testified that there is no other basis, such as other convictions, pending charges, or parole violation, which would justify his continued incarceration.

Plaintiff filed this lawsuit *in forma pauperis*.[2] An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness ... at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted).

When evaluating the frivolousness of an action, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker v. Koonce, 2 F.3d 114, 115 & n.6 (5th Cir. 1993).

---

[2] Rec. Doc. 6.

Construing the complaint broadly[3] and fully considering the Spears hearing testimony, the Court finds that plaintiff's claims are frivolous, fail to state a claim on which relief may be granted, and/or seek monetary relief against defendants who are immune from such relief.

As an initial matter, the Court notes that plaintiff has named no proper defendants in this action. Plaintiff has sued the Hammond Police Department. However, a municipal police department is not a legal entity capable of being sued. Norwood v. City of Hammond, Civil Action No. 99-879, 1999 WL 777713, at *3 (E.D. La. Sept. 30, 1999); see also Manley v. State of Louisiana, Civil Action No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001); Newton v. Tangipahoa Parish Sheriff's Office, Civil Action No. 03-1039 c/w 03-1209, 2004 WL 963790 (E.D. La. May 5, 2004); Causey v. Parish of Tangipahoa, 167 F.Supp. 2d 898, 909 (E.D. La. 2001). Accordingly, plaintiff's claims against the Hammond Police Department should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

Plaintiff has also named the Louisiana 21st Judicial District Court as a defendant. However, a state court is also not a juridical entity capable of being sued under 42 U.S.C. § 1983. Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182 (E.D. La.) ("state courts are not considered 'persons' within the meaning of § 1983"), aff'd, 537 F.2d 1141 (5th Cir. 1976). Accordingly, plaintiff's claim against the Louisiana 21st Judicial District Court should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

Lastly, plaintiff has sued Assistant District Attorney Patricia Parker. However, the claim against Parker fails based on her absolute prosecutorial immunity. "Prosecutorial immunity applies

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993). In the instant case, the claim against Parker relates to her action as a prosecutor in the charging and prosecution of plaintiff for second degree murder. Those actions clearly were taken in Parker's role as an advocate for the state and, therefore, she is entitled to absolute immunity with respect to the actions.

Moreover, it is not necessary to allow plaintiff an additional opportunity to name a proper defendant, because his underlying claim is clearly frivolous for the following reasons.

First, plaintiff's allegations are factually incorrect. He has not been exonerated of the second degree murder charge; rather, quite to the contrary, he currently stands convicted of that charge. The Court has obtained and filed into the federal record pertinent state court records relating to that conviction.[4]

On July 9, 2004, plaintiff was convicted of second degree murder in the Louisiana 21st Judicial District Court. On December 7, 2004, Judge Jefferson D. Hughes of the 21st Judicial District Court granted the plaintiff's Motion for New Trial. However, on May 5, 2005, the First Circuit Court of Appeal vacated the order granting a new trial, thereby reinstating plaintiff's conviction and sentence. State of Louisiana v. Leroy Johnson, No. 2005 KW 0038 (1st Cir. Ct. App. La.). On June 8, 2005, plaintiff filed an Application for Writ of Certiorari with the Supreme Court of Louisiana. State of Louisiana v. Leroy Johnson, No. 05 KK 1544. That application remains pending. Therefore, at present, plaintiff stands convicted of second degree murder, a fact which

---

[4] Rec. doc. 9

clearly justifies his current confinement.

Second, even if the Court were to liberally construe plaintiff's claim as one that he is falsely imprisoned because his conviction is somehow invalid, his claims would still necessarily fail.

To the extent that plaintiff is seeking a release from jail on the basis that his conviction was invalid, that relief is not appropriate in a federal civil rights lawsuit brought pursuant to 42 U.S.C. §1983. "When a state prisoner is challenging the very fact of duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.;" Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973)).  Accordingly, to the extent that plaintiff desires to assert *habeas corpus* claims, he may seek federal *habeas corpus* relief by filing a proper petition *after* exhausting his remedies in state court.

To the extent that plaintiff is seeking monetary damages for false imprisonment, his claim would be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).  Claims barred by Heck are

legally frivolous. <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102 (5th Cir. 1996) (emphasis added). Because a favorable ruling on plaintiff's false imprisonment claims in this lawsuit would necessarily imply the invalidity of his conviction, <u>Heck</u> would bar those claims until such times as he obtains a favorable disposition regarding that conviction. See <u>Thompson v. City of Galveston</u>, F. Supp. 504, 507 (S.D. Tex. 1997) (false arrest and false imprisonment claims barred by <u>Heck</u>), aff'd, 158 F.3d 583 (5th Cir. 1998); <u>see also</u> <u>Vicknair v. St. John the Baptist Parish</u>, Civil Action No. 9703690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998) (same).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  23  day of  June , 2005.

SALLY SHUSHAN  
UNITED STATES MAGISTRATE JUDGE